# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

CRYSTAL GAYLE RUANO-GIRARD

NO. 2025 KW 0667

**JULY 31, 2025**

---

In Re:    State of Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, Nos. 0151-F-2024, 0152-F-2024, 0153-F-2024.

---

**BEFORE:    THERIOT, PENZATO, AND BALFOUR, JJ.**

**WRIT GRANTED.** Probable cause sufficient to issue a search warrant exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. **State v. Johnson**, 408 So.2d 1280 (La. 1982). This determination rests on whether the totality of the circumstances forms a substantial basis for a finding of probable cause. **State v. Green**, 2002-1022 (La. 12/4/02), 831 So.2d 962, 969. Further, the facts establishing the existence of probable cause for the warrant must be contained within the four corners of the affidavit. **Green**, 831 So.2d at 969. Here, the facts included in the affidavit submitted in support of the request for the search warrant show that in addition to the faint odor of burnt marijuana in various locations on the exterior of the mobile home residence, there was a previous complaint of possible illicit narcotics activities at the mobile home, several surveillance cameras were located around the exterior of the mobile home that appeared to be in working order, a Cake brand THC smoking device was observed inside one of the six vehicles on the property, the interior of the mobile home smelled of burnt marijuana, and the homeowner advised he had approximately sixty firearms inside the mobile home. Under the totality of the circumstances, there were sufficient facts set forth in the affidavit of probable cause to issue the search warrant without the inclusion of any facts gleaned from the warrantless protective sweep. Accordingly, the district court's ruling granting the motion to suppress is reversed, and this case is remanded to the district court for further proceedings.

MRT
AHP
KEB

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
  FOR THE COURT